UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:12-79-KKC |
|---|---|
| Plaintiff, | |
| V. | MEMORANDUM OPINION AND ORDER |
| DAVID ATREYEL CAMPBELL, aka David Caniness Campbell, | |
| Defendant. | |

This matter is before the Court on remand from the Sixth Circuit following this Court's denial of Defendant David Atreyel Campbell's request for a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines. (DE 1085, 1159.) The amendment reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. The Sixth Circuit has directed this Court to consider the appropriateness of a sentence reduction under the 18 U.S.C. § 3553(a) factors.

In 2012, Defendant pleaded guilty to conspiring to distribute cocaine base and to distributing cocaine. (DE 281). On May 31, 2013, this Court sentenced Campbell to a term of 66 months imprisonment based on the government's motion for a downward departure for substantial assistance under U.S.S.G. §5K1.1. (DE 627, 644). This sentence represented an eighteen (18) month departure from the lowest end of the applicable guideline range of 84–105 months. This Court denied Campbell's request for a sentence reduction from the amended guideline range of 70–87 months because the original sentence was below Campbell's amended guideline range. (DE 1114.)

A sentence reduction to a term below the minimum guideline range is inappropriate unless, as here, the "defendant initially receives a sentence of imprisonment lower than . . . [the] applicable guideline range pursuant to a government substantial-assistance motion under §

5K1.1[.]" *United States v. Jackson*, 751 F.3d 707, 711 n.1 (6th Cir.), *cert denied*, 135 S. Ct. 273 (2014). In such circumstances, a "reduction comparably less than the amended guideline range . . . may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). However, subject to certain inapplicable exceptions, that reduction cannot result in a sentence below the statutorily-required mandatory minimum sentence—here, 60 months. Thus, the Defendant is eligible for not more than a six (6) month sentence reduction, subject to this Court's consideration of the 18 U.S.C. § 3553(a) factors.

Having considered the nature and circumstances of Defendant's offense and his history and characteristics, this Court is persuaded that Defendant's original 66 month sentence is necessary to adequately promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the Defendant. Campbell's current incarceration stems from criminal conduct he engaged in less than 30 days after his release from this Court's previously imposed 24 month sentence for Defendant's felonious possession of a firearm. Defendant's felon in possession of a firearm conviction carried a 41–51 month guideline range. The lack of deterrence resulting from this earlier reduced sentence persuades this Court that an additional reduction of Defendant's current sentence would be inconsistent with the § 3553(a) factors.

Accordingly, **IT IS ORDERED** that Defendant's motion for sentence reduction (DE 1063) is **DENIED**.

Dated March 23, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY