UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:12-79-KKC-MAS-3 |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| DAVID ATREYEL CAMPBELL, | |
| Defendant. | |

*** *** ***

This matter is before the Court on Defendant David A. Campbell's motion for release pending the continued final hearing regarding the revocation of his supervised release. (DE 1443, 1451.) For the reasons stated below, Defendant's motion is DENIED.

On May 30, 2013, Defendant pleaded guilty to one count of conspiracy to distribute 28 grams or more of cocaine base and one count of distribution of cocaine. (DE 644.) This Court sentenced Defendant to a 66-month prison term and imposed four years of supervised release. (DE 644.) Defendant completed his term of imprisonment and was released from federal custody on December 5, 2017. (*See* DE 1360.) On that same day, Defendant began his supervised release. (*See* DE 1360.)

On June 25, 2020, Defendant made his initial appearance related to alleged violations of his supervised release, and his detention hearing was scheduled for June 30, 2020. (DE 1432.) Defendant moved to cancel his detention hearing in advance of the hearing and did not object to his continued detention pending the final revocation hearing. (DE 1434.) The motion was granted on June 27, 2020. (DE 1435.)

1

Defendant's final revocation hearing was set for July 20, 2020. (DE 1432.) This Court continued the hearing to October 2, 2020, because Defendant was awaiting trial on related state charges. (DE 1443.) During the same appearance, Defendant submitted an oral motion for his release pending the continued hearing, based on the amount of time that would elapse before the hearing and the fact that Defendant has family in the area. (DE 1443). The United States objected to the motion and argued that Defendant was arrested for possessing a significant amount of drugs and drug paraphernalia less than two weeks after his previous release from custody. Defendant later filed a supplement to his oral motion for release, stating that because of COVID-19, he has had difficulty meeting with his counsel to prepare for his state court trial. (DE 1451.)

Courts may only release a defendant while proceedings are pending for an alleged violation of the defendant's supervised release if the defendant establishes, by clear and convincing evidence, that he is unlikely to flee or pose a danger to another person or the community upon release. Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a). Here, this Court will not release Defendant pending his final revocation hearing because he has not established by clear and convincing evidence that he is unlikely to flee or pose a danger to another person or the community. While the Court notes the impact of COVID-19 on Defendant's ability to prepare for his state trial, this concern has no bearing on whether Defendant is a flight risk or poses a danger to another person or the community. Moreover, the only evidence Defendant presents related to flight risk is presumably that he has family in the area. Defendant provides little additional evidence to support this point. Further, Defendant has not attempted to submit any evidence to establish that he will not pose a danger to another person or the community. Nonetheless, Defendant's underlying drug trafficking offense and arrest shortly after his previous release suggest that he indeed poses a continued danger to the community. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th

Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community."). Because Defendant has failed to meet his burden, the Court must deny his motion for release pending his final revocation hearing.

Accordingly, the Court ORDERS that Defendant's motion for release pending his final revocation hearing is DENIED.

Dated September 22, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY